# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * * * | |
| vs. | * * | CR 513-006 |
| DERECK JEROME BROWN<br>a/k/a DETRICK BROWN<br>a/k/a "BLACK", | * * * * | |
| Defendant. | * | |

### ORDER

Previously before the Court was Defendant's Motion for Continuance. See Dkt. No. 34. In its Order dated July 10, 2013, the Court denied Defendant's motion. See Dkt. No. 37. This Order articulates the legal reasoning behind the Court's July 10 Order.

**I. BACKGROUND**

Defendant requested an alternative trial date because "[a]n amount of additional discovery, including documents and recordings of a confidential informant alleged to have been making 'buys' from the Defendant" must be "produced by the

1

government and examined by the Defendant prior to trial." Dkt. No. 34 ¶ 2. Defendant stated that additional time was needed to consider plea offers, the potential that Defendant will be found to be an armed career criminal upon conviction, and sentencing issues. Id. ¶ 2-3. Defense counsel also asserted that the requested "continuance will allow the defendant to be more fully prepared for trial." Id. ¶ 3. Defendant requested that any delay resulting from the continuance be excluded from any Speedy Trial Act calculations. Id. ¶ 5.

The Government did not object to Defendant's request for a continuance. See Dkt. No. 35. Nor did the Government object to exclusion of any additional time from the Speedy Trial Act calculations. Id. However, the Government noted that—should the trial date be continued—the Government would withhold the information pertaining to its confidential informant until two (2) weeks prior to trial.

## II. LEGAL STANDARD

A court may grant "a continuance on the basis of [its] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining

2

whether to grant a continuance, the court considers the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex . . . that it is unreasonable to expect adequate preparation . . . for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance . . . would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

## III. DISCUSSION

The Court finds that Defendant's counsel will have had more than adequate time to prepare for the July 23, 2013 trial. First, there is no indication that the case is unusual or complex. Second, Defendant's only basis to continue the trial date was his need to consider his sentencing options after information pertaining to the Government's confidential informant was revealed. However, the Government noted, within proper bounds, that it would postpone delivery of such information until a short time before the trial date regardless of the trial date.

After considering the factors set forth in 18 U.S.C. § 3161(h)(7)(B), the Court finds no basis to extend the trial date or stop the Speedy Trial clock. Therefore, the Court finds that any justice provided by delaying the trial date does not outweigh "the best interest of the public and the defendant in a speedy trial." See 18 U.S.C. § 3161(h)(7)(A). Accordingly, as noted in this Court's July 10, 2013 Order, Defendant's Motion for Continuance is **DENIED**. See Dkt. No. 34.

AO 72A
(Rev. 8/82)

**SO ORDERED**, this 17th day of July, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

5